IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

JORGE E. CALVO,
    Plaintiff,

vs.
    Case No. 09020486 CI
    Division 21

SCOTTSDALE INSURANCE COMPANY
    Defendant.
_____/

## FIRST AMENDED COMPLAINT

Plaintiff, JORGE E. CALVO (Plaintiff), by and through his undersigned counsel, hereby files this First Amended Complaint against Defendant, SCOTTSDALE INSURANCE COMPANY (Defendant), and as grounds, the Plaintiff alleges as follows:

1. The amount in controversy for this action exceeds fifteen thousand dollars ($ 15,000.00), exclusive of pre-judgment interest, court costs, and attorney fees.

2. At all times relevant to this action, Plaintiff resided in Pinellas County, Florida.

3. At all times relevant to this action, Plaintiff owned the property located at 140 Dartmouth Avenue, Oldsmar, Florida 34677.

4. At all times relevant to this action, Defendant was an active for-profit Ohio Corporation and a foreign for-profit corporation doing business in the State of Florida.

5. At all times relevant to this action, Defendant was a properly licensed and qualified insurance carrier by the State of Florida.

DEC 1 5 2009

6. In consideration for the Plaintiff's payment of insurance premiums, Defendant issued to Plaintiff, in Oldsmar, Pinellas County, Florida, a homeowners insurance policy, Policy No. DFS0626150 (Policy), which was in full force and effect at the time the damage(s) occurred at the premises located at 140 Dartmouth Avenue, Oldsmar, Florida 34677 (Insured Property) on or about September 30, 2007. Defendant possesses a copy of the Policy which is not attached.

7. On or about July 4, 2007, a sinkhole damaged the Insured Property and the Plaintiff began suffering a loss regarding his real property; this loss continues to the present time.

8. Sinkholes are a covered peril under the Insured Property's Insurance Policy.

9. Defendant obtained actual and constructive notice of Plaintiff's claim for physical damages to his property on or about August 17, 2007 when Plaintiff submitted his claim for physical damages.

10. Defendant sought the services of Rimkus Consulting Group, Inc. (Rimkus), a geo-technical engineering company, to investigate and determine the cause of the physical damage(s) to the Insured Property.

11. On January, 25 2008, Rimkus reported that, "It is our opinion that sinkhole activity was not evidenced in the results of the standard penetration test borings." Defendant possesses a copy of Rimkus's report which is not attached.

12. Defendant failed to comply with the statutory requirements of Florida Statute §627.707 by not completing the required full subsidence (sinkhole) investigation.

13. However, despite non-compliance with Florida Statute §627.707, on February 25, 2008, and based solely on Rimkus's report, Defendant prepared a letter denying the Plaintiff's

insurance claim for physical damages resulting from sinkhole activity at the Insured Property.

14. Given his concern both for his personal safety and welfare, and his concern regarding the propriety and completeness of Defendant's geotechnological exploration, Plaintiff retained Bay Area Sinkhole Investigation and Civil Engineering (Bay Area Engineering), a geotechnical company, to conduct subsurface investigations and testing in compliance with Florida Statutes §627.707; this report was published on November 14, 2008.

15. After conducting extensive field-testing and examination, and after reviewing Rimkus's limited testing report, Bay Area Engineering issued a report concluding that, "it is our opinion that sinkhole activity was evidenced in the SPT borings and is a contributing cause of the distress at the Calvo residence within a reasonable professional probability."

16. Plaintiff has done and performed all those matters and things properly required of them under their insurance policy to bring this lawsuit or alternatively, have been excused from such performance by Defendant's representations and conduct.

17. In the State of Florida, the work of adjusting insurance claims engages the public trust.

18. Despite Rimkus's conclusions and Defendant's denial of coverage, sinkhole activity is present at the Insured Property which is an insured peril, and which has caused damage(s) to the Insured Property in the past and continues to cause damage(s) to the Insured Property both now and also in the future.

19. Based upon information and belief, the geotechnical engineering firm retained by Defendant, Rimkus, failed to comply with standard geotechnical engineering practices and procedures in completing its inspection, testing and evaluation.

20. Despite it's keen awareness of the law, Defendant breached its insurance contract with Plaintiff by failing to fulfill it's lawful obligation(s) to Plaintiff who suffers from past and continuing physical damage(s) to his property as a direct result of sinkhole activity.

21. As a direct result of Defendant's breach of its insurance contract, Plaintiff has lost the benefit of his real property and continues to suffer such loss.

22. Pursuant to Florida Statute §627.428, which provides for the payment of attorney's fees, as a direct result of Defendant's wrongful denial of Plaintiff's claim for physical damage(s) and Defendant's breach of its insurance contract with Plaintiff, Plaintiff was required to become obligated for attorney's fees and costs in connection with the prosecution of this action.

**WHEREFORE,** the Plaintiff, JORGE E. CALVO, prays that this Court will Order that Defendant, SCOTTSDALE INSURANCE COMPANY: 1) Fulfill its contractual obligations to Plaintiff and provide coverage, and fully pay for the remediation and repair of all the physical damages to 140 Dartmouth Avenue, Oldsmar, Florida 34677; and 2) Award compensatory damages, pre-judgment interest, the costs of this action, and attorney's fees pursuant to Florida Statute §627.428, along with such other relief as this Honorable Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Further, JORGE E. CALVO, hereby requests a trial by jury on all issues so triable.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, together with the Summons and Complaint, Defendant, SCOTTSDALE INSURANCE

COMPANY, care of Ms. Alicia M. Lopez, Phelps Dunbar LLP, 100 South Ashley Drive, Suite 1900, Tampa, Florida 33602-5311, on December 9, 2009 by United States Mail and Facsimile.

Date: December 9, 2009

The Law Office of Jeffrey Zwirn

Jeffrey J. Zwirn, Esq.
Florida Bar Number: 0045918
Robert MacKinnon
Florida Bar Number: 0538841
2107 West Cass Street, Suite C
Tampa, Florida 33609
(813) 871-1465 [phone]
(813) 849-1368 [facsimile]